# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 23-302-1 |
| JOWAYNE C. GODFREY | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.    BACKGROUND

Defendant Jowayne Godfrey was charged by indictment with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). The indictment alleges that Godfrey participated in a money laundering scheme that targeted the elderly by informing them that they won the Publisher's Clearing House sweepstakes. To defraud the elderly victims, schemers informed the victims that in order to claim their sweepstakes winnings they had to first pay fees and taxes. The victims were instructed to wire, mail, and deposit money into the bank accounts for Godfrey and his co-defendants Vinmar Mitchell and Ariel Bagalue. Victims were also instructed to purchase and mail gift cards and cell phones to people around the United States. Godfrey and his co-conspirators then spent the proceeds of the fraud and shared the proceeds with co-schemers.

Based on the criminal activity at issue in this case, Godfrey faces a Sentencing Guidelines range of 37 to 46 months' imprisonment. The government recommends a sentence within the applicable Sentencing Guidelines range.

### II.    SENTENCING CALCULATION

#### A.    Statutory Maximum Sentence

The statutory maximum sentence available under 18 U.S.C. § 1956 is 20 years of imprisonment, a three-year term of supervised release, a fine of $500,000 or twice the value of the

property involved in the transaction, whichever is greater, and a $100 special assessment. Full restitution shall also be ordered.

### B. The Sentencing Guidelines

| Item | Offense Level | Notes |
|---|---|---|
| Base Offense Level (18 U.S.C. § 1956) | 8 | 2S1.1(a)(2) |
| Fraud Loss Total = between $250,000 and $550,000 Total - $324,000 | +12 | 2B1.1(b)(1)(G) |
| Conviction under 18 U.S.C. § 1956 | +2 | 2B1.1(b)(2)(B) |
| Vulnerable victims | +2 | 3A1.1(b)(1) |
| Acceptance of Responsibility | -3 | 3E1.1(a) & (b) |
| Total | 21 | |

Godfrey falls into Criminal History Category I. Accordingly, the applicable sentencing guideline range is 37 to 46 months' imprisonment.

## III. SENTENCING ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is one which considers the advisory guideline range of 37 to 46 months' imprisonment.

Notwithstanding the sentencing guidelines, the Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation and consider our Circuit's pre-*Booker* case law, which continues to have advisory force.

(3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing *United States v. King*, 454 F.3d 187, 194, 196 (3d Cir. 2006)).

Therefore, this Court must consider all the sentencing considerations set forth in § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Herein, the government addresses the relevant § 3553(a) factors.

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant[1]

Godfrey engaged in serious criminal conduct that caused a significant financial hardship to vulnerable victims who have provided statements to the Court outlining the harm that he and his co-conspirators caused. Godfrey was a member of a money laundering conspiracy that duped elderly victims to transfer monies to members of the conspiracy based on information that led the victims to believe they had won the Publishers Clearing House sweepstakes and had to pay taxes on the winnings and other up-front fees before they could collect their prize. Although Godfrey did not

---

[1] The government adopts and incorporates by reference the Offense Conduct set forth in the Presentence Investigation Report ¶¶ 12-20.

dupe the victims, he did knowingly receive monies from the victims, either directly or indirectly from other members of the conspiracy, that he knew were being fraudulently obtained. In some instances, victims were told to write checks to Godfrey.

The contents of Godfrey's cell phone corroborate his participation in the laundering scheme. Because Godfrey regularly communicated with co-defendants Mitchell and Bagalue and other co-conspirators via WhatsApp and text messages, he knew when to expect monies from the victims and how to distribute the monies. He dispersed the monies as directed by members of the conspiracy, including the deposit of monies into his Bank of America account that was accessible by members of the conspiracy located in Jamaica. He also directed Bagalue as to what transactions to conduct with victim money and how much she could keep. Of the approximately $324,123 obtained in the fraud scheme, Godfrey kept approximately $19,775 for his personal use.

Godfrey was legitimately employed at the time he engaged in the fraud scheme and did not have a criminal history. He opened the bank accounts that he used for fraud shortly before the fraud proceeds were deposited. He segregated his legitimate funds from his criminal proceeds, demonstrating that he knew what he was doing was wrong.

He was arrested by the Bureau of Immigration and Customs Enforcement ("ICE") on July 17, 2023 and has remained in federal custody since that date.

Accordingly, pursuant to § 3553(a)(1), Godfrey's criminal activities fall squarely within the class of cases to which the applicable guidelines are addressed and the nature of the offenses and Godfrey's history and characteristics counsel in favor of the recommended guidelines sentence.

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

The seriousness of Godfrey's criminal conduct, as described above, is reflected in the applicable advisory guideline range. The government also submits that the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, and provide just punishment will be satisfied by imposing a sentence within the applicable advisory guideline range.

### C. The Need to Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public from Further Crimes of the Defendant

A factor in the sentencing determination is achieving both specific and general deterrence. As the courts of appeals have held both before and after *Booker*, deterrence under 3553(a) is not limited to deterrence of the particular defendant. *See, e.g.*, *United States v. Jordan*, 435 F.3d 693, 698 (7th Cir. 2006) (describing how Section 3553(a) "specifies that the court may consider the need for general deterrence and respect for the law"); *United States v. Glover*, 431 F.3d 744, 751 (11th Cir. 2005) (noting that pre-*Booker* and post-*Booker*, "the underlying goals of the statute and the Guidelines are retribution, general deterrence, incapacitation, and rehabilitation" (internal quotation marks omitted)); *see also United States v. Yeaman*, 248 F.3d 223, 232 (3d Cir. 2001) (referring to Section 3553(a)'s goals of "general deterrence, specific deterrence, retribution, and rehabilitation").

General deterrence is an important issue here because frauds like that described in this case are a significant problem in our society. The Federal Bureau of Investigation's ("FBI") Internet Crime Complaint Center tracks reported elder fraud cases. In 2023, when this case was charged, elder fraud complaints increased by 14% and associated losses increased by approximately 11%. The FBI estimates that senior citizens lose more than $3 billion to scam every year. The National Council of Aging reported that in 2023, financial scammers stole more than $3.4 billion from people 60 and

older. Scammers impersonate well-known sweepstakes organizations, like Publishers Clearing House, to build trust among their elderly targets because of the established brand. Indeed, general deterrence may be the most compelling reason to impose the recommended guideline range.

Furthermore, a meaningful sentence, such as a sentence within the applicable advisory sentencing guideline range, will deter Godfrey, his unindicted co-conspirators, and others from engaging in future scams.

        **D.**        **The Need to Provide Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

The government is unaware of a need in this case to adjust Godfrey's sentence for educational training, vocational training, mental illness, or correctional treatment. Therefore, the government is not aware of a need to make additional adjustments contemplated pursuant to 18 U.S.C. § 3553(a)(2)(D) for this defendant.

        **E.**        **Restitution to the Victims**

Godfrey has agreed to pay a fine and make restitution of $324,123 as directed by the Court. He has also agreed to forfeit his right, title, and interest in the sum of $19,775, which represents the property involved in the offense and was his personal gain. He can commence making payments through the Bureau of Prisons Inmate Financial Responsibility Program and continue to make payments after the completion of the anticipated period of incarceration.

**IV.**    **CONCLUSION**

Sentencing requires the Court to carefully balance the § 3553(a) factors. As explained herein, the primary factors are the need for the sentence to reflect the nature and seriousness of the offenses, promote respect for the law, and deter future crimes. Therefore, balancing those factors supports the

recommended sentence within the applicable sentencing guideline range of 37 to 46 months' imprisonment. He should be afforded credit for the time he has already served since July 17, 2023.

Respectfully submitted,

DAVID METCALF
United States Attorney


 /s/ Anita Eve
ANITA EVE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been provided via email and ECF filing to:

Pantellis Palividas, Esquire
Ellis@ellis-legal.com

    /s/ ANITA EVE_____
ANITA EVE
Assistant United States Attorney

DATED: May 22, 2025